UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

REENA T.[1],

Plaintiff,

v.

CASE # 19-cv-00726

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

---

APPEARANCES: OF COUNSEL:

LAW OFFICES OF KENNETH HILLER, PLLC
Counsel for Plaintiff
600 North Bailey Ave
Suite 1A
Amherst, NY 14226

KELLY LAGA-SCIANDRA, ESQ.
KENNETH R. HILLER, ESQ.

U.S. SOCIAL SECURITY ADMIN.
OFFICE OF REG'L GEN. COUNSEL – REGION II
Counsel for Defendant
26 Federal Plaza – Room 3904
New York, NY 10278

AVNI DINESH GANDHI, ESQ.
JILLIAN ERIN NELSON, ESQ.

J. Gregory Wehrman, U.S. Magistrate Judge,

**MEMORANDUM-DECISION and ORDER**

The parties consented in accordance with a standing order to proceed before the undersigned. The court has jurisdiction over this matter pursuant to 42 U.S.C. § 405(g). The matter is presently before the court on the parties' cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Upon review of the administrative record and consideration of the parties' filings, the plaintiff's motion for judgment on the administrative

---

[1] In accordance with Standing Order in November 2020, to better protect personal and medical information of non-governmental parties, this Memorandum-Decision and Order will identify plaintiff by first name and last initial.

record is **GRANTED**, the defendant's motion for judgment on the administrative record is **DENIED,** and the decision of the Commissioner is **REMANDED**.

## I. RELEVANT BACKGROUND

### A. Factual Background

Plaintiff was born on July 31, 1974 and has at least a high school education. (Tr. 370, 425). Plaintiff alleged disability based on bilateral shoulder dislocations, high blood pressure, anxiety, depression and kidney damage. (Tr. 424). Her alleged onset date of disability was August 1, 2010 and her date last insured December 31, 2010. (Tr. 420).

### B. Procedural History

On September 10, 2010, plaintiff applied for a period of Disability Insurance Benefits (SSD) under Title II of the Social Security Act and Supplemental Security Income Benefits under Title XVI of the Social Security Act. (Tr. 151-52). Plaintiff's applications were initially denied, after which she timely requested a hearing before an Administrative Law Judge (ALJ). On May 21, 2012, plaintiff appeared before the ALJ, William Weir. (Tr. 116-44). On December 26, 2012, ALJ Weir issued a written decision finding plaintiff not disabled under the Social Security Act. (Tr. 157-67). On April 1, 2014, the Appeals Council granted plaintiff's request for review, vacated the ALJ's decision, and remanded the case for further proceedings. (Tr. 172-75). Plaintiff had another hearing before ALJ Weir on July 14, 2014, and the ALJ issued another unfavorable decision on July 7, 2016. (Tr. 78-115, 177-88). The Appeals Council granted review and again remanded the case on December 4, 2017. (Tr. 195-97). On July 19, 2018, plaintiff appeared at her third hearing before ALJ Baird. (Tr. 32-77). The ALJ issued an unfavorable hearing decision on

September 10, 2018. (Tr. 10-23). The Appeals Council denied plaintiff's most recent request for review on April 8, 2019. (Tr. 1-4). Thereafter, plaintiff timely sought judicial review in this Court.

**C. The ALJ's Decision**

Generally, in his decision, the ALJ made the following findings of fact and conclusions of law:

1. The claimant last met the insured status requirements of the Social Security Act through December 31, 2010.

2. The claimant did not engage in substantial gainful during since August 1, 2010 the alleged onset date (20 CFR 404.1571 *et seq.*, and 416.971 *et. seq.*).

3. The claimant has the following severe impairments: degenerative joint disease of bilateral should resulting in recurrent dislocation; later onset depression (20 CFR 404.1520(c) and 416.920(c)).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except the claimant can lift, carry, push and pull up to ten pounds occasionally and five pounds frequently, can sit for up to six hours in a day, can stand or walk for up to four hours in an eight hour day, can occasionally use hand controls bilaterally, can frequently climb stairs and ramps but can never climb ropes, ladders or scaffolds, can frequently balance and stoop, can occasionally crouch, but can never kneel or crawl, can occasionally reach with bilateral upper extremities, but can never reach overhead, can have no direct exposure to bright or flashing lights. She is limited to moderate (office level) noise, can never tolerate excessive vibration or exposure to hazards such as unprotected heights or moving machinery, can perform simple, routine tasks that can be learned within 30 days or after a short demonstration. She can be off-task up to 5% of the workday in addition to regularly scheduled breaks, and is limited to work that does not require teamwork, such as on a production line.

6. The claimant is unable to perform any past relevant work (20 CFR 404.1565 and 416.965).

7. The claimant was born on July 31, 1974 and was 36 years old, which is defined as a younger individual age 18-44, on the alleged disability onset date (20 FCR 404.1563 and 416.963).

8. The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564 and 416.964).

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569, 404.1569a, 416.969, and 416.969a).

11. The claimant has not been under a disability, as defined in the Social Security Act, from August 1, 2010 through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

(Tr. 10-23).

## II. THE PARTIES' BRIEFINGS ON PLAINTIFF'S MOTION

### A. Plaintiff's Arguments

Plaintiff argues the ALJ failed to properly evaluate a treating source medical opinion and therefore the RFC was not supported by substantial evidence. (Dkt. No. 12 at 1 [Plaintiff's Mem. of Law]).

### B. Defendant's Arguments

In response, defendant asserts substantial evidence supports the ALJ's RFC finding and evaluation of medical opinions. (Dkt. No. 13 at 12 [Defendant's Mem. of Law]).

## III. RELEVANT LEGAL STANDARD

### A. Standard of Review

A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will only be

reversed if the correct legal standards were not applied, or it was not supported by substantial evidence. *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987) ("Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles."); *Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983); *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979).

"Substantial evidence" is evidence that amounts to "more than a mere scintilla," and has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *See Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988).

If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a de novo review." *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

### B. Standard to Determine Disability

The Commissioner has established a five-step evaluation process to determine whether an individual is disabled as defined by the Social Security Act. *See* 20 C.F.R. § 416.920. The Supreme Court has recognized the validity of this sequential evaluation process. *See Bowen v. Yuckert*, 482 U.S. 137, 140-42, 107 S. Ct. 2287 (1987). The five-step process is as follows:

> (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a 'residual functional capacity' assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's residual functional capacity, age, education, and work experience.

*McIntyre v. Colvin*, 758 F.3d 146, 150 (2d Cir. 2014).

## IV. ANALYSIS

The RFC is an assessment of the most plaintiff can still do despite her limitations. 20 C.F.R. § 404.1545(a)(1). The ALJ is responsible for assessing a plaintiff's RFC based on a review of relevant medical and non-medical evidence, including any statement about what plaintiff can still do, provided by any medical sources. *Id*. §§ 404.1527(d), 404.1545(a)(3), 404.1546(c). In this case, the ALJ determined that plaintiff could perform sedentary work with the following additional limitations:

> She can lift, carry, push and pull up to ten pounds occasionally and five pounds frequently, can sit for up to six hours in a day, can stand or walk for up to four hours in an eight hour day, can occasionally use hand controls bilaterally, can frequently climb stairs and ramps but can never climb ropes, ladders or scaffolds, can frequently balance and stoop, can occasionally crouch, but can never kneel or crawl, can occasionally reach with bilateral upper extremities, but can never reach overhead, can have no direct exposure to bright or flashing lights. She is limited to moderate (office level) noise, can never tolerate excessive vibration or exposure to hazards such as unprotected heights or moving machinery, can perform simple, routine tasks that can be learned within 30 days or after a short demonstration. She can be off-task up to 5% of the workday in addition to regularly

scheduled breaks, and is limited to work that does not require teamwork, such as on a production line. (Tr. 17-18).

Plaintiff argues the RFC was unsupported by substantial evidence because there was no opinion evidence to support the highly specific and complex RFC. (Dkt. No. 12 at 17). Plaintiff contends that since the ALJ did not rely on a medical opinion in formulating the RFC, the decision could not be based on substantial evidence and must be based instead on the ALJ's lay opinion. (*Id*.). Defendant is correct that an RFC finding is not defective merely because it does not strictly adhere to any particular medical opinion. (Dkt. No. 13 at 13, citing *Matta v. Astru*. 508 F. App'x 53, 56 (2d Cir. 2013)(the RFC need not correspond to any particular medical opinion; rather, the ALJ weighs and synthesizes all evidence available to render a RFC finding consistent with the record as a whole). However, a very specific and complex RFC assessment must be based on evidence in the record and not on the ALJ's own surmise. *Cosnyka v. Colvin*, 576 Fed.App'x. 43, 46 (2d Cir. 2014) (summary order).

In this case, the ALJ relied on boilerplate language to reject a treating source opinion and selectively cited evidence that would support his RFC while excluding evidence favorable to the plaintiff. When an ALJ does not connect the record evidence and RFC findings or otherwise explain how the record evidence supported his RFC findings, the decision leaves the court with many unanswered questions and does not afford an adequate basis for meaningful judicial review. *Gorny v. Comm'r of Soc. Sec*., 2018 WL 5489573, at *4 (W.D.N.Y. Oct. 29, 2018). Therefore, remand is warranted.

Under the law, the ALJ is obligated to evaluate every medical opinion received and to consider a number of factors in deciding the weight of the treating sources. 20 C.F.R. § 404.1527(c). In cases where treating physicians' opinions are not given controlling weight, the Second Circuit repeatedly finds that the Social Security Administration is required to explain the

weight it gives to the opinions of a treating physician using the factors of the Treating Physician Rule. *Snell v. Apfel*, 177 F.3d 128, 133 (2nd Cir. 1999). Furthermore, as long as the ALJ is careful to explain his decision, he is entitled to reject portions of a medical opinion that conflict with other evidence in the record. *See Raymer v. Colvin*, No. 14-CV-6009P, 2015 WL 5032669, at *5 (W.D.N.Y. Aug. 25, 2015) (an ALJ who chooses to adopt only portions of a medical opinion must explain his or her decision to reject the remaining portions). Here, the ALJ failed to properly apply the treating physician rule and did not sufficiently explain what portions were accepted or rejected.

In 2014 treating physician Dr. Douglas reported plaintiff had bilateral shoulder limitation of motion, weakness, pain, impingement syndrome, shoulder instability, and chronic shoulder dislocation. (Tr. 724). He opined plaintiff could stand 30 minutes at a time and two hours total in a workday, could not perform any lifting, should never use her arms below and over shoulder level, and she experienced a moderate level of pain. (Tr. 724). ALJ Baird accorded very minimal weight to the treating source opinion and broadly concluded the opinion was not supported by the clinical record and inconsistent with plaintiff's admitted abilities. (Tr. 20-21). Although an ALJ need not expressly enumerate each *Burgess* factor when rejecting a treating source opinion, the ALJ's reasoning and adherence to the treating physician rule must be clear. *Burgess v. Astrue*, 537 F.3d 117 (2d Cir. 2008). *See, e.g., Atwater v. Astrue*, 512 F. App'x 67, 70 (2d Cir. 2013). In the decision, the only admitted abilities cited by the ALJ are that plaintiff can hold a gallon of milk with both hands, can care for her personal needs, and her children help her with brining things into the house. (Tr. 18). However, at the hearing, plaintiff described her system of multiple steps to hold a gallon of milk if her 20-year-old child was not there to assist. (Tr. 54). Plaintiff also testified she experiences shoulder dislocations when using the restroom and that she uses a shoestring to assist with doing her hair. (Tr. 48). Furthermore, plaintiff testified she did not obtain a driver's license

because she dislocated her shoulder with the basic act of driving. (Tr. 55). In sum, it is not clear what abilities are inconsistent with Dr. Douglas's opinion because plaintiff's testimony was misrepresented in the decision.

The ALJ also cited few clinical records and yet there is no explanation how those records were inconsistent with the opinion. Dr. Douglas conducted at least twenty-one visits with plaintiff over the course of the period at issue. (Tr. 931-943, 554-578, 648-655, 723, 726-790). The ALJ summarizes all 21 treatments and findings by stating "Dr. Douglas's examinations note shoulder instability." (Tr. 19). Turning to the other records in the file, there is evidence of diminished bilateral upper extremity strength, reduced flexion, significant crepitus, and reduced rotation. (Tr. 614-614, 633, 639, 658, 769). Despite numerous reports of measured decreased grip strength and measured decreased rotation and flexion, the ALJ fails to address any of those objective findings. The only such objective finding included was a finding by orthopedist Dr. Nenno in 2010, which indicated a greater range of flexion than other measurements in the file. (Tr. 19). Defendant offers a post-hoc rationalization that a recommendation by Dr. Douglas to perform yoga is evidence of activity that requires use of the upper extremities and shoulders, and therefore evidence of inconsistency to reject the opinion. (Dkt. No. 13 at 16). Such rationalizations are not permitted and the ALJ never mentions this recommendation.

In addition to not properly considering the treating source opinion, the ALJ failed to tether the RFC to the other opinions and statements from the plaintiff. The summary of medical opinions is not an analysis of the evidence. Defendant is correct that the ALJ was entitled to rely in part on the consultative exam opinion from Dr. Dave, however the ALJ contradicted himself and gave both some weight and little weight to the opinion. (Tr. 21). The ALJ rationalized that because plaintiff would not perform range of motion with her shoulders at the exam, the assessment of

significant limitations was based on subjective reports rather than a documented impairment. (*Id*.). However, he fails to identify which parts of the opinion were adopted or which rejected. Dr. Dave had opined moderate to severe limitations for repetitive gross motor manipulation or repetitive range of motion and mild to moderate limitations for repetitive bending through the lumbar spine, prolonged sitting, standing, lifting, carrying, pushing or pulling of greater than moderately weighted objects due to lumbar spine. (Tr. 583). Although the RFC need not mirror a medical opinion, the ALJ cannot arrive at specific limitations that do not appear anywhere in the evidence. *McBrayer v. Sec'y. of Health and Human Servs*., 712 F.2d 795, 799 (2d Cir. 1983*)); see also Fuller v. Astrue*, 2010 WL 3516935, at *5 (W.D.N.Y. Sep. 7, 2010) ("[A]n ALJ is not free to substitute his own lay opinion for opinions from treating sources.").

Plaintiff also argues it is unclear how the ALJ surmised plaintiff would be off task 5%. (Tr. 17-18). Indeed, there is no explanation by the ALJ explaining his assessment that plaintiff would be off-task 5% despite the duty to support each of his conclusions with relevant medical evidence. *See Aung Winn v. Colvin*, 541 Fed. Appx. 67, 70 (2d Cir. 2013), *see also Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012). In his opinion, Dr. Douglas appraised plaintiff with a moderate level of persisting pain. This is not harmless error as the vocational expert attested work would be precluded if pain from dislocation and reinsertions caused the individual to be off task more than 10%. (Tr. 72-74).

**ACCORDINGLY, it is**

**ORDERED** that plaintiff's motion for judgment on the pleadings (Dkt. No. 12) is **GRANTED**; and it is further

**ORDERED** that defendant's motion for judgment on the pleadings (Dkt. No. 13) is **DENIED**; and it is further

**ORDERED** that this matter is **REMANDED** pursuant to 42 U.S.C. § 405(g), for further proceedings consistent with this Decision and Order.

Dated: August 13, 2021
Rochester, New York

*J. Gregory Wehrman* J.G.W.
HON. J. Gregory Wehrman
United States Magistrate Judge